# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 25, 2010

## STATE OF TENNESSEE v. THOMAS JOSEPH CORDLE

### Appeal from the Criminal Court for Sullivan County
### No. S55,571    Robert H. Montgomery, Judge

---

### No. E2009-02475-CCA-R3-CD - Filed June 24, 2010

---

The defendant, Thomas Joseph Cordle, appeals from the revocation of his probation, claiming that the trial court erred by ordering that he serve his sentences in confinement. Discerning no error, we affirm.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Richard A. Tate, Assistant District Public Defender, for the appellant, Thomas Joseph Cordle.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Kaylin Render, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On May 1, 2009, the defendant entered *Alford* guilty pleas to two counts of assault in exchange for consecutive sentences of 11 months and 29 days to be served on probation.[1] On September 17, 2009, a probation violation warrant issued alleging that the defendant had violated the terms of his probationary sentence by failing to report, by testing

---

[1]In *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), the United States Supreme Court held that a criminal defendant may enter a guilty plea without admitting guilt if the defendant intelligently concludes that his best interests would be served by a plea of guilty.

positive for the use of cocaine, and by possessing cocaine. One month later, a second violation warrant issued alleging that the defendant had accrued further violations by committing the offenses of public intoxication, disorderly conduct, resisting arrest, and evading arrest on October 2, 2009; by drinking alcohol; by threatening a young woman; and by failing to report.

At the revocation hearing, the defendant did not contest the violations, and he asked the court "for a disposition with respect to the 23 months and 28 days." The defendant testified that he worked for T&T Painting, a business owned by his father, and that he lived in an apartment owned by his parents. The defendant asked the trial court to place him back on probation so that he could continue working.

The State presented reports from Aegis Sciences Corporation that established that the defendant tested positive for the use of cocaine on September 9 and 10, 2009.

At the conclusion of the hearing, the trial court revoked the defendant's probation and ordered him to serve his sentences in confinement. The court observed that the defendant had been granted "every benefit of a doubt" when he was placed on probation and that, given the defendant's criminal record and the violations in this case, returning the defendant to probation was not justified.

We consider the defendant's claims with a few well-settled principles in mind. Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." T.C.A. § 40-35-311(e) (2006); *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id*. § 40-35-310. The revoking court may extend the period of probation supervision for a period not to exceed two years. *Id*. § 40-35-308(c).

The decision to revoke probation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling in the absence of a showing that the trial court abused that discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). "In order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *Harkins*, 811 S.W.2d at 82 (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Relief will be granted only when "'the trial court's logic

and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved.'" *Shaffer*, 45 S.W.3d at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

Here, the defendant admits that he violated his probation by failing to report, committing new criminal offenses, and using both cocaine and alcohol. He nevertheless asks this court to reverse the trial court's decision to order full incarceration because he has employment and a place to live. The record, however, shows clear violations of the terms of the defendant's probationary sentence, and it supports the order of confinement.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE